***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted January 11, affirmed February 8, petition for review
denied June 15, 2023 (371 Or 175)

OREGON SKYWAY, LLC
and MSL, Inc.,
*Petitioners,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Department
2019UIT00581; A176791 (Control)

REST-HAVEN MEMORIAL PARK
FUNERAL HOME, INC.
and MSL, Inc.,
*Petitioners,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Department
2019UIT00579; A176793

Aaron J. Noteboom argued the cause for petitioners. Also on the briefs was Noteboom Law LLC.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

At issue in this unemployment insurance case are two final orders in which the administrative law judge (ALJ) affirmed a determination by the Employment Department that, for purposes of paying unemployment insurance taxes under ORS chapter 657, petitioners Oregon Skyway, LLC (Oregon Skyway) and Rest-Haven Memorial Park Funeral Home, Inc. (Funeral Home) are employers. The services of each entity require the work of employees, but both Oregon Skyway and Funeral Home had argued that they were not employers; rather, they maintained that petitioner MSL, Inc., the entity with which they contract to hire employees and which pays those employees directly, is the employer.

Petitioners renew those arguments here, finding fault with the ALJ's factual findings and challenging the ALJ's legal conclusion as erroneous. We reject petitioners' arguments.

The record in this case established that the employees performed services for the sole benefit of Oregon Skyway or Funeral Home, reported to and performed their services at each entity's respective physical locations, and that Oregon Skyway or Funeral Home paid their wages, albeit indirectly through MSL. Accordingly, the final orders concluding that Oregon Skyway and Funeral Home are the employers and liable for unemployment insurance taxes are supported by substantial evidence and are legally correct. *See National Maintenance Contractors v. Employment Dept.*, 288 Or App 347, 348, 406 P3d 133 (2017), *rev den*, 362 Or 508 (2018) ("In reviewing an ALJ's final order, we review legal conclusions for errors of law and factual determinations for substantial evidence.").

Petitioners' first assignment of error challenges the ALJ's factual findings, but fails to establish that the record, viewed as a whole, did not permit those findings. They simply rewrite the facts in a way that they find more favorable to their legal position rather than developing an adequate substantial evidence challenge. We therefore reject the first assignment of error.

Petitioners' second assignment of error challenges the ALJ's legal conclusion that they are employers of the

subject employees. Among other arguments, they maintain that because MSL is an independent contractor with whom they have contracted to provide them with labor, they are not obligated to pay employment insurance for services provided by MSL employees. We reject that argument; the question of whether MSL is an independent contractor does not resolve the issue of which entity comes within the definition of employer as to the individuals performing services for Oregon Skyway and Funeral Home. Here, the department's determination that Oregon Skyway and Funeral Home are employers for these purposes, upheld by the ALJ, is supported by substantial evidence and is legally correct, under the facts developed at the contested hearing and the applicable case law relied on by the department. We therefore affirm the final orders.

Affirmed.